IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HRD CORPORATION d/b/a MARCUS OIL & CHEMICAL § § § DEBTOR § § | § § § § § | Case No. 11-36020 Chapter 11 |
| HRD CORPORATION d/b/a MARCUS OIL & CHEMICAL     Plaintiff VS. DR. EBRAHIM BAGHERZADEH, JP MORGAN CHASE BANK, N.A., AND COMMUNITY BANK OF TEXAS     Defendants | § § § § § § § § § § § § § § § | Adv. No. 11-3390 |

**ORIGINAL ANSWER OF DEFENDANT
DR. EBRAHIM BAGHERZADEH**

COMES NOW DEFENDANT DR. EBRAHIM BAGHERZADEH, and files his Answer to Plaintiff's Original Complaint to avoid preferential transfer and to turn over property, and respectfully represents as follows:

**I.**

**Rule 7008 Admissions and Denials**

1. Defendant admits Paragraph 1 of the Complaint.

2. Defendant admits Paragraph 2 of the Complaint.

3. Defendant admits Paragraph 3 of the Complaint.

4. Defendant admits Paragraph 4 of the Complaint.

5. Defendant admits the first two sentences of Paragraph 5 of the Complaint but lacks sufficient knowledge or information to form a belief as to the Debtor's employer identification number.

6. Defendant admits Paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant admits Paragraph 9 of the Complaint.

10. Regarding Paragraph 10 of the Complaint, Defendant admits that two writs of garnishment were issued by the Clerk of Court for the United States District Court of the Southern District of Texas on July 11, 2011 but denies that it "obtained two writs of garnishment" or that it "caused those writs to be served on JP Morgan Chase Bank, N.A. and on Community Bank of Texas." The writs of garnishment were issued pursuant to an Order entered by Judge Sim Lake on July 11, 2011, which "ORDERED that the Clerk of Court for the United States District Court of the Southern District of Texas issue a Writ of Garnishment to the United States Marshall for the Southern District of Texas, to be executed on the garnishee's Community Bank of Texas and JP Morgan Chase Bank at their nearest bank locations in Houston, Texas." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 10 of the Complaint.

11. Defendant admits Paragraph 11 of the Complaint.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     The allegation contained in Paragraph 13 of the Complaint constitutes a legal conclusion to which no answer is required.

14.     Defendant incorporates by reference its responses to Paragraphs 1-11 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions to which no answer is required.  However, Defendant lacks sufficient knowledge or information to form a belief as to the truth of any allegations that Debtor was insolvent at the time of the alleged transfers or that the transfers enabled Defendant to receive more than he would receive if:

    (A)     the case were a case under chapter 7 of this title;

    (B)     the transfers had not been made; and

    (C)     Defendant received payment of such debt to the extent provided by the provisions of [the Bankruptcy Code].

Debtor has failed to list any of its patents, patent applications and other intellectual property in Schedule B and has included in Schedule F certain claims which are believed to be grossly inflated or non-existent. Defendant reserves the right to rebut the presumption of insolvency arising under 11 U.S.C. § 547(f).

16.     Defendant denies Paragraph 16 of the Complaint.

17.     Defendant denies Paragraph 17 of the Complaint.

18.     Defendant denies Paragraph 18 of the Complaint.

19.     Defendant incorporates by reference its responses to Paragraphs 1-11 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint constitute legal conclusion to which no answer is required.

21. Defendant admits Paragraph 21 of the Complaint to the extent that the funds in the garnished bank accounts were in the name of the Debtor, but Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "there is no argument" that the funds constitute property of the estate since third parties, including Debtor's Indian affiliate, may argue they have an interest in the funds.

22. Defendant denies Paragraph 22 of the Complaint.

## II.

## Affirmative Defenses

23. Plaintiff is not entitled to both avoidance of the garnishment liens and recovery of a money judgment under 11 U.S.C. § 550. A transfer avoided under 11 U.S.C. § 547(b) is automatically preserved for the benefit of the estate under 11 U.S.C. § 551. Upon avoidance, the estate holds the lien under § 551.

24. Preservation and recovery of avoided transfers are two separate remedies provided in separate sections of the Bankruptcy Code. Preservation of an avoided transfer under § 551 happens automatically. Recovery of property or its value following avoidance of a transfer may or may not come into play. Section 550(a) is worded in permissive, not mandatory, language, providing that, "... to the extent that a transfer is avoided ... the trustee *may* recover ...." (emphasis added). Where this provision comes into play, the Court must determine, in its discretion, whether the recovery should be of the property transferred, or, in the alternative, its value.

25. Where, as here, the Plaintiff avoids only a garnishment lien, the preservation of that lien for the benefit of the estate is sufficient to place the estate in exactly the same position it would have been in, but for the granting of the lien. There is no need for the Debtor to "recover" any property or its value from Defendant. *See In re Davis*, 2009 Bankr. LEXIS 1031 at *18 (Bankr. E.D. Tex. 2009), citing *Suhar v. Burns (In re Burns),* 322 F.3d 421, 427-28 (6th Cir. 2003) (discussing avoidance and recovery as "distinct concepts and processes"). Accordingly, Plaintiff's request for recovery of the property transferred or its value under 11 U.S.C. § 550 should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Dr. Ebrahim Bagherzadeh respectfully prays that Plaintiff take nothing by its suit. Defendant further prays for general relief.

Respectfully submitted,

BECK, REDDEN & SECREST

   */s/ Murray Fogler*
Murray Fogler
State Bar No. 07207300
Russell S. Post
State Bar No. 00797258
1221 McKinney, Suite 4500
Houston, Texas 77010
(713) 951-3700 Telephone
(713) 951-3720 Facsimile
mfogler@brsfirm.com

        TERRY & THWEATT. PC

         /s/ L. Lee Thweatt
        L. Lee Thweatt
        State Bar No. 24008160
        Joseph D. Terry
        State Bar No. 24013618
        One Greenway Plaza, Suite 100
        Houston, Texas 77046-0102
        (713) 600-4710
        (713) 600-4706 (Fax)
        Email:  lthweatt@terrythweatt.com
        Email:  jterry@terrythweatt.com


        BARNET B. SKELTON, JR., P.C.

         /s/ Barnet B. Skelton, Jr.
        Barnet B. Skelton, Jr.
        State Bar No. 18456400
        712 Main Street, Suite 1705
        Houston, Texas 77002
        (713)-659-8761 Telephone
        (713)-659-8764 Facsimile
        Email:  barnetbjr@msn.com

        ATTORNEYS FOR DR. EBRAHIM
        BAGHERZADEH

## **CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing instrument was filed electronically on August 24, 2011 in compliance with Local Rule LR5.3.  As such, this notice was served on all counsel of record who are deemed to have consented to electronic service.  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule LR5.3, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing instrument by U.S. First Class Mail and/or facsimile on the 24th day of August, 2011.


         /s/  Barnet B. Skelton, Jr.
        BARNET B. SKELTON, JR.

## **SERVICE LIST**

Barbara Mincey Rogers
David Anderson
Rogers & Anderson, PLLC
1415 North Loop West, Suite 1020
Houston, Texas 77008

Preston T. Towber
Towber Law Firm PLLC
6750 West Loop South, Suite 920
Bellaire, Texas 77401

Glenn H. "Pete" Steele, Jr.
McPherson, Hughes, Wimberly & Steele
3120 Central Mall Drive
Port Arthur, Texas 77642